Thank you, Your Honor. Good morning, Your Honors. David Kupitz of Sommeyer Kupitz appearing on behalf of appellant Gilbert Dreyfuss. May it please the Court, the plain language of Bankruptcy Code Section 503B1B requires notice and hearing before allowance of an administrative expense tax claim. In Chapter 7 Bankruptcies, claims are not paid until they're allowed. It's undisputed that the subject tax payment by the trustee was for a purported administrative expense. It is also undisputed that the payment was made without notice, without any requests for approval, without hearing, and without court authorization. The substance, merits, and validity of this administrative tax claim and the payment was never presented by the trustee to the court and remains unknown to Dreyfuss. Let me ask you this. The statute requires notice and a hearing. Are you able to hear me? But your client had notice, right? He did find out about this some, what was it, a year or two years before he finally objected? Well, what happened was in 2009, the trustee made a payment without any notice for a purported 2005 tax year administrative claim. Nothing was presented to the court. In 2012, the trustee filed his final report and buried as a line item in the report was that. I know, but my question, hang on, hang on. Yes, yes. All right. My question is that your client found out about the payment in, what, 2010? He did find out about the payment. And at that point, he did not make any kind of an objection, did he? He did not file any formal papers with the court raising an objection. He made some comments at different times in terms of that. So I assume that that was maybe the trustee's strongest argument here is that, sure, you're right, that the statute requires notice in a hearing. But your client did have notice. And there are cases, I think, certainly a treatise that I've looked at, that suggest that a hearing is technically not always required as long as everybody has notice and the bankruptcy court isn't presented with any objection to the payment being made. Well, that's correct in terms of there needs to be an opportunity for a hearing. Of course, this is supposed to be done in advance. What we're talking about here is a trustee trying to make an argument that he retroactively obtained approval. Also keep in mind, he's trying to flip and improperly switch the burden of proof. I got that. I got that. So no proof has been presented. So now what the trustee is saying is, Mr. Dreyfus, it's your fault, even though I didn't follow the governing law and the procedure, it's your fault because after the fact, a year later, you knew that I had made this payment. And you now had the burden of coming forward and presenting evidence to show that this payment was improper, as opposed to what the law provides, which is the trustee had the burden to show that this was actually an administrative expense of the bankruptcy estate. Keep in mind, administrative expenses in the case law is clear are to be strictly construed and narrowly construed because in bankruptcy, we have a situation of scarce resources. Creditors aren't getting paid in full. Administrative expenses have priority and get paid off the top. That's why section 503b1 has a very special and specific kind of protection that doesn't otherwise exist. The trustee confuses the process when he talks about there's a routine process for allowance of claims in bankruptcy, and he's referring to sections 501 and 502 of the bankruptcy code. Those sections only apply to pre-petition claims, not at issue in this case at all. Those kinds of claims, when they're filed, are deemed to have prima facie validity until objected to. And that's what the trustee in his brief, in part, argues that should have been done here. Did the bankruptcy court ever approve the payment of this alleged administrative expense until it considered the final report? No. It did not. Absolutely not. So whatever one thinks of your client learning about the existence of a payment in 2010, the reality is administrative expenses must be approved by the court, right? That's correct. And they did not approve until some time later. Right. So at best, what we had here from the trustee's perspective was retroactive approval, approving an administrative expense paid in 2009 for a 2005 post-petition bankruptcy tax, and the approval was coming in 2012. And basically, the trustee is making the argument that we should ignore the ordinary process, treat this as if it was a pre-petition claim in reference to Sections 501 and 502, which don't apply here, as opposed to Section 503. Can I ask a practical question? Sure. How much was the tax? What was the payment? Well, keep in mind, the payment was $340,895. And did your client, does your client have any particular objection to the payment of that amount? In other words, does it do, or does your client dispute the payment? Let's assume there was a hearing right now, and the trustee says, I have this bill. I need to pay it. What would your client say, or what did your client say on the record was his specific objection to the tax? Was it the wrong amount? Was it improperly calculated in some way? Well, that really gets to the heart of the problem here. That's our whole idea. It gets, it's a complete mystery to my client. Now, what happened, unfortunately, in the lower court, and keep in mind my client, who was an attorney, he is an attorney, but he's been retired for 30 plus years. He represented himself pro se. He was there. He speculated on a number of different possible bases for this tax. It's still a mystery. He doesn't know if he was ever right. He thought it might have resulted from the conversion of the case to Chapter 7, and he just thought that would be wrong. That wasn't the law. He thought it might have resulted from a settlement agreement between the sons of this debtor, Mr. Klubeck, and his sons. There was a settlement agreement that occurred. But Mr. Dreyfus was speculating. He really didn't know this was a conjecture. And what he was really asking for was, Judge, please set an evidentiary hearing. What Mr. Dreyfus is really simply looking for here is that this matter be remanded to the bankruptcy court so an appropriate evidentiary hearing can be conducted. The burden would be on the trustee to come forward, and a determination for the very first time can be made. The bankruptcy court has never made a finding about the substantive basis or merits of this administrative claim. Your client has no current information that would permit him to object to the payment of the tax, but he's entitled to that under the code by way of the hearing and so on. He could have asked questions of the trustee and tried to better understand. And if there were an objection, he could do that at that point. That's exactly right, and that's all he's looking for is an opportunity to have an evidentiary hearing, have his day in court, resolve this mystery where, at this point, the only party who knows the basis for the tax is the trustee. That's never been disclosed, never revealed, never shared. What relief. Let's say that the evidentiary hearing you asked for were held, and the bankruptcy court found, wow, you know what, actually, this was somebody else's tax liability. It should never have been paid out by the estate. What would the relief be that your client would? Well, I think it would depend potentially on the findings that the court made. My client does have suspicions. I'm not trying to say that he has a good basis for this, a potential collusion, fraud, that somehow this was all a scheme to hurt the creditors, ultimately, of Mr. Sheldon Klubeck, and take tax liability off of Mr. Klubeck or his son, so he has concern. I think one potential relief would be to surcharge the trustee for the payment, and the trustee may then have whatever remedy the trustee has, if any, vis-a-vis the IRS. The trustee tries to argue that the IRS is a necessary party here. We don't believe that at all. The issue here is should the trustee have made the payment, and simply, should we have a day in court, an evidentiary hearing, allow governing law to apply, and don't just ignore the process and the legal requirements here? And that's all you're, I should say all, that's what you're asking for here, is simply that we return this to the bankruptcy court to conduct the hearing. You're not asking anything further of this court at this time. That's absolutely correct. That's all we're asking for. To allow Mr. Dreyfus a day in court, remand to the bankruptcy court for an evidentiary hearing. Thank you, Your Honors. Very good. We'll hear from the opposition. Dwayne Gilman, Durham, Jones, and Pindager, appearing on behalf of Timothy Corey, trustee, the appellee. For three substantive reasons and one procedural reason, this court should affirm the decision of the district court, Judge Hicks' opinion. Let me cover the procedural reason first. The issue of 503C, court approval, was never raised in the district court, never raised in the bankruptcy court, what Mr. Dreyfus did. And he is a distinguished man, a good man who we respected, who tried to meet with, said was the taxes are wrong. He had no evidence, but he did not ask for a hearing. The issue was never raised in the district court under this court's Cold Mountain Garber decision. There are exceptions, but they haven't made it out in part because the record's not complete. The certificate of service on the trustee's third status report, we did not include, I have a copy of it here, actually I have three copies of it here, because that issue wasn't below. We didn't include. Counsel, let me ask you this. I understand that we can say that this is waived. On the other hand, this is a statute that commands the hearing. This is an administrative expense, and as your opposing counsel noted, those are right off the top. That affects the rest of the creditors. Why should we treat this as waived? Admittedly, this gentleman has not practiced for some time, but the reality is he raised the issue, right? He didn't say this code section, I want this hearing. He raised the issue. Why should we treat that as waived? Because the statutory scheme for taxes, and I'm gonna go through it in detail, says trustees pay your taxes. You don't go to the court for a hearing, including the exception that he's never cited under 503B1D, which says a governmental unit shall not be required to file a request for payments of an expense described in BC as a condition of being allowed administrative expense. Right in 503, there's an exception for taxes. But understand, counsel, that there's a difference between what you're talking about and what he's talking about. It is true that whatever taxes are owed are owed, and if they're paid, they're entitled to certain treatment. However, as we all know, sometimes taxes are incorrectly calculated, and just like other administrative expenses, like attorney fees, like wages, and many times there are disputes about those, and it's kind of like, you know, how do you get the horse back in the barn when they're out in the field? If you paid all these taxes, it takes a long time, and if it's from the state of California, it used to be you didn't even get them for years because they wanted to keep the cash. So at least explain to me why the section that you just cited, the 503B1D, is in conflict with the statutory requirement that there be a hearing on this matter. It's not. Let me tell you what it is. 28 U.S.C. 960, which B, which says, a tax under subsection A, that's the tax owed by a receiver or a officer conducting business under the offices of a court, shall be paid on or before the date due of the tax under applicable non-bankruptcy law. Okay, that just means you gotta give your notice a little earlier, doesn't it? No, it means you gotta pay it. It says paid. The statute requires payment. Agreed, agreed. But you have to pay the amount that is due, right? So if there's a dispute about the amount that's due and you never have a hearing about that, then you've got a little bit of a problem. There's no question that the law says you gotta pay the tax. But if the tax is due April 15th and it's an administrative expense, the code contemplates that you're gonna have a hearing several months before. So that any objection to the amount in question would be there. Otherwise, for example, if you're gonna pay, if you're gonna pay and then, for example, if it's a federal thing you want, go to the tax court. There's certain things you've gotta do to protect yourself. I don't see the conflict between the obligation to pay and the requirement that there be a hearing. Your Honor, the trustee fully complied with the notice and hearing requirements. So I'm gonna go in detail how, okay? Not just as to Mr. Dreyfus, who got special notice. Right after, about a month after the payment was made, because Mr. Dreyfus had been the chairman of the Unsecured Creditors Committee when the case was in 11 and because he's a tax lawyer who we respected, we met with him and we went over the tax return and we sent all of the work papers, approximately 20,000 pages of not only the accountants that prepared it, but the separate accountants, the national accountants, Price Waterhouse, their work papers to Mr. Dreyfus. We didn't wanna pay any more taxes than necessary. That meeting occurred a month after the payment. In July of 2011, the trustee said- By the way, is any of this in the record? Absolutely. Okay. He admitted it in the transcript that's attached to our brief that he had that meeting and the timing of the meeting. Can I just stop you? I know you're mid-thought, but you keep saying after the payment was made. As I read the statute, all the notice and hearing has to happen before the payment's made. That's the whole point of it. Your Honor, I believe the key to understanding the payment is the section 28960, requirement that a tax shall be paid on or before the date due of the tax under applicable non-bankruptcy law. We are taken out. I've been a trustee for 34 years. My client's been a trustee for 15 years. We're taken out of the protection of the bankruptcy scheme by that section on taxes, and we have to pay them. 503b1b could not be clear, in my view. It definitely covers taxes. I don't think the statute in Title 28 that you just read overrides 503b1b. And that is why 503b1d, a government unit, shall not be required to file a request for payment. Takes it out, back into- But that's not you. That's the government. That's simply saying that the taxing authorities are not required to file a creditor's claim, in effect. But that's a whole different issue than what we're talking about here, is it not? Your Honor, well then, let me focus on what I think is my second substantive point. In July of 2013, the trustee sent his third status report. It was after the fact. And no one, including two, said, I paid these taxes, we had negotiations with the IRS over the penalties, got the penalties refunded, and here we are. No one within the normal 30-day period after that objected. In fact, Mr. Dreyfus did not object until initially at the fee application in 2012 of my law firm, he came in and said, I object, the taxes were paid, and talked about the possible reasons why the taxes should not have been paid. Judge Markell said, no, you can't do it this way. You have to file an objection, serve the IRS with the objection. A year later, the final report's filed, and Mr. Dreyfus again stands up and argues about taxes with no notice to the IRS. He does not request a hearing. He complains that there might have been something in the conversion. Well, he was the chairman of the Unsecured Creditors Committee that moved to convert. He complains there was something in the settlement. Well, the settlement was noticed, and he appeared at the hearing, and he did not object, and was overruled properly because of the lack of procedural and because he had nothing but speculation. Let me ask you this, counsel. What I hear you saying, I think, is that notwithstanding the requirements of notice and hearing, that if, in this case, Mr. Dreyfus is informed of a number of matters after the fact and does not object, then basically he's waived his right to a hearing. Is that your point? Otherwise, he's in effect to stop to the- Well, Your Honor, taken in the context of this case where he has no substantive objection, where he shows up to the hearing with absolutely nothing, not a single witness, not a single expert report, nothing but raw speculation, yes. Does the code require that for notice and hearing? Does it say that only if you have evidence of malfeasance or something wrong are you entitled to a notice and hearing? I don't read the statute. Your Honor, he had to ask for a hearing. He did not ask for a hearing. He complained- I'm sorry, counsel. I thought that was the burden of the trustee  Your Honor, my time's up, and I- I'll respond to your question. Yes, we did notice the payments in the final report. Yes, we did notice it in the status report in 2011, the payments, and we had full accounting attached to the status report. But you did not notice it before the tax was paid? We did not notice it before the taxes were paid because our interpretation of the 28960 is you gotta pay your taxes. That's backed up by the white book, we call it, that's not in the record, I'm sorry. But the mandate from the Justice Department to trustees says pay your taxes when they're due. Okay, any other questions by my colleagues? Thank you. Thank you, Your Honor. Do you have any, you had 40 seconds left or something. Do you have anything further, you're done. I'll make it much quicker than that. I just wanted to say that, and it's something I didn't mention, that the bankruptcy court and the district court seemed very concerned about the fact that they might undo prior orders. There were no prior orders. I think we all recognize that addressed this administrative or alleged purported administrative claim. Okay. Thank you, Your Honor. Thank you very much. The case just argued is submitted. Thank both counsel for their argument.
judges: Wallace, Smith, Watford